The Eftate of a Teftator is not liable for the Negligence of Executors in carrying out and executing a Confignment made to the Teftator in his Lifetime.

**B**ALSTON and others were Executors of Palmer of London, who was Agent for the Plaintiff in his Lifetime. A Ship was configned to Palmer by the Plaintiff, but Palmer died before her Arrival or Knowledge of it. The Executors undertook the Bufinefs and tranfacted it, and are now fued as Executors to Mr. Palmer for Breach of Truft. (1)

The Queftion was, as Confignment was made in Mr. Palmer's Life, and the Executors profecuted it, whether they fhould anfwer as Executors, and Palmer's Eftate be liable in their Hands. 2 Bacon, 144. (2)

It was faid, if the Breach of Truft was in Mr. Palmer — being a Tort, it dies with him; if not, he can't be chargeable.

On the other Hand that it was but a Continuance of the fame Affair, and they acted in his Stead. Viner, Tit. Executor, P. 4, Plea 39, 43. 1 Lill. 778, Let. H. Dyer, 324.

*The*

---

(1) The declaration alleged that the teftator, being factor of the plaintiffs, procured infurance on the freight of the plaintiff's galley from Jamaica to London; that when fhe arrived the teftator died; and that the executors undertook to fettle and manage the faid truft, but managed it ill, and " perfunctorily acted with great negligence " in fettling a leakage of fugars.

(2) Bac. Ab. Executor, P. 2. " The taking up of an executorfhip doth not embark executor in the perfonal trufts of the deceafed."

1763.

GRIDLEY
v.
BALSTON.

*The Court* unanimous that thefe Authorities are not in Point, and the Action will not lie.